## CIRCUIT COURT OF LEE COUNTY

Roger L. Rutherford

v.

Benco, Inc.

June 28, 1989

### By JUDGE WILLIAM C. FUGATE

The plaintiff in the above styled case brought an action in the Circuit Court of Lee County in March, 1986, in which he alleges that he was an employee of the defendant on June 9, 1983, and while performing his normal duties, was injured and thereafter was awarded compensation under the Virginia Workman's Compensation Act. He further alleges that on or about April 1, 1985, while receiving workman's compensation benefits in regard to the aforesaid injury, the defendant discharged the plaintiff as an employee. Plaintiff alleges that this discharge was willful, wanton, and intentional and was done solely because plaintiff had incurred a work related injury for which he had filed a claim under the Workman's Compensation Act and that the action of the defendant was in violation of the Workman's Compensation Act.

The defendant, in his pleadings, admits that the plaintiff was an employee, was injured as alleged and did receive Workman's Compensation Benefits as a result of the injury. The defendant denies that the discharge of the plaintiff was for the reasons alleged by the plaintiff but that the discharge of the defendant was based upon written company policy in effect at the time of his discharge and primarily under the medical leave section of said policy.

The evidence produced during the trial indicates the corporation was formed in 1983 and adopted a company

employment policy which each of the employees received and acknowledged, and further in accordance with that employment policy, the company on October 1, 1984, adopted a medical leave policy and the plaintiff was notified of this policy by letter dated November 1, 1984, which the plaintiff acknowledges receiving. The evidence is uncontradicted that the company discharged the plaintiff on or about April 1, 1985.

Section 65.1-40.1 of the Code of Virginia states as follows "No employer or person shall discharge an employee solely because the employee intends to file or had filed a claim under this Act or has testified or is about to testify in any proceeding under this Act. The discharge of a person who has filed a fraudulent claim is not a violation of this section." The issue in this case is, whether or not the defendant, Benco, Inc., discharged the plaintiff because the plaintiff filed a claim under the Workman's Compensation Act. The issue before this Court is not the employment policy which included the medical discharge provision. The sole issue before this Court is whether the defendant discharged the plaintiff in this case solely because he had incurred an injury and had filed and received Workman's Compensation benefits while employed by the company, and the Court so instructed the jury by the following instruction: "If you find that the Defendant, Benco, Inc., discharged Roger Rutherford solely because Roger Rutherford incurred a work-related injury for which he filed a Worker's Compensation claim, you shall find for the Plaintiff, Roger Rutherford." The Court further instructed the jury "that the burden was upon the plaintiff to prove that defendant discharged him solely because he incurred a work-related injury for which he filed a claim under the Virginia Worker's Compensation Act. This means that plaintiff must do more than show that his filing the claim was a reason for his discharge. He must prove that it was the only reason for his discharge." Upon the conclusion of the plaintiff's evidence the defendant moved for the evidence to be stricken, and the Court took the matter under advisement and made no ruling. At the conclusion of all the evidence, counsel for the defendant moved for the striking of the plaintiff's evidence, and the Court again took the matter under advisement and made no ruling as to the same. After

the jury was instructed and final arguments, they retired to the jury room and thereafter returned a verdict in favor of the plaintiff. A motion to set aside that verdict or award a new trial was timely filed by the defendant, Benco, Inc.

The Court directed that the testimony be transcribed and has carefully reviewed the testimony in order to test the memory of the Court as to the evidence which was produced on the date of trial. There is no question that the company, Benco, Inc., had an employee handbook which was given to each of their employees setting forth the policy of the company; there is no question that a receipt for the handbook was signed by the plaintiff by which he agreed that Benco, Inc., could revise its policy and procedures in whole or in part, at any time with or without notice; there is no question that the evidence shows that the plaintiff received a letter from Benco, Inc., in September, 1984 advising that Benco's medical leave policy should be inserted in plaintiff's employees handbook. The defendant, by its President and by its bookkeeper, testified that the medical leave policy was closely adhered to as well as the other provisions of the employment policy. Evidence shows the defendant's President notified the plaintiff that he was being placed on medical leave in accordance with the medical leave policy, and by letter to the plaintiff dated April 1, 1985, he was informed that he had been terminated in accordance with the medical leave policy, plaintiff acknowledging the fact that this did occur. The only evidence of the plaintiff was that of the plaintiff himself and a witness by the name of Goley Bryson who had worked at the same mine but not for this corporation up until 1982, and in his testimony he stated when asked if he know why the plaintiff was terminated, he answered "because he sustained a back injury and filed compensation claim." Question, "what makes you think that", and his answer was "there was no other reason to fire him." The plaintiff admitted in testifying that he had received all the notices under the employment agreement and after being discharged in April 10, 1985, failed to go back to the company and make any application under the policy for employment. There appears to be very little Virginia Law in regard to the interpretation of 65.1-40.1, and the parties are relying upon cases of close similarity

from foreign states. It is the opinion of the Court that 65.1-40.1 was written in such a manner that it must be strictly construed and that it is the burden of the jury or the Court trying the case to find by the preponderance of the evidence, after considering all the evidence, that the plaintiff in this case was discharged *solely* because he incurred a work-related injury for which he filed a Worker's Compensation Claim. It is not the purpose of the jury to determine whether they believe the policy of the company is good or bad. I have reviewed the evidence and I have reviewed the instructions. The Court instructed the jury that "You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court." It is the opinion of the Court that the only way the jury could return a verdict in this case for the plaintiff would be on mere speculation. On the motions of the defendant, the verdict in this case is set aside and verdict entered in favor of the defendant, Benco, Inc.